

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta
JUN 4 2003
LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| PAK-TEC, INC., a North Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMAJE INK JET PRINTING CORPORATION n/k/a IMAJE USA, a Georgia Corporation; IMAJE S.A., a French Corporation,<br><br>Defendants. | Civil Action<br><br>File No.: 1:03-CV-1249-TWT |

### ORDER

This action is before the Court on the Plaintiff's Motion for Temporary Restraining Order. Upon consideration of the motion, briefs, evidentiary submissions, and oral argument of the parties, the motion is DENIED. The standard for the issuance of a temporary restraining order in the Eleventh Circuit is an extraordinary and drastic remedy that is not to be granted unless the movant has clearly established the burden of persuasion as to all four elements of obtaining injunctive relief. Plaintiff has not met its burden of persuasion in two of the Eleventh Circuit's four standards for obtaining injunctive relief.

Specifically, Plaintiff has failed to meet its burden as to the issue of irreparable injury as defined by the law. Plaintiff's injuries are such that, if proved,

15

they could be compensated by money damages. Furthermore, Plaintiff's motion for temporary restraining order is denied because Plaintiff, even if it were successful on its breach of contract claim, has not shown a likelihood of success that that claim would result in a permanent injunction. However, Plaintiff has demonstrated a likelihood of success on its breach of contract claim.

This Court ORDERS that the parties are stayed from invoking any adversarial processes, including proceeding with discovery, further motions or requesting additional proceedings from this Court for a period of thirty (30) days from the date of this Order. Pursuant to this stay, Defendants' deadline to file Answers to the Complaint shall be 30 days from this date.

The Court strongly encourages the parties to engage in non-binding, voluntary mediation in an effort to resolve this dispute during this 30 day stay. Additionally, if mediation is scheduled between the parties within the 30-day stay ordered herein, this Court DIRECTS the parties to engage in good faith, reasonable efforts to respond to informal requests for information and documents that would be relevant to the resolution of the case.

SO ORDERED this __4__ day of ~~May~~ June, 2003.

_Thomas W. Thrash_
Honorable Thomas W. Thrash, Jr.
Judge, United States District Court